IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DEC - 8 2008

| | | |
|---|---|---|
| Alexander F. Bowman, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07cv836 (LO/TRJ) |
| | ) | |
| Gene M. Johnson, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Alexander F. Bowman, a Virginia inmate proceeding with counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of malicious wounding while part of a mob entered by the Circuit Court of Stafford County. By Order dated February 26, 2008, respondent was directed to show cause within 60 days why the writ should not be granted. On April 16, 2008, respondent filed a Rule 5 Answer, Motion to Dismiss the petition, and a Memorandum in support of that Motion. Petitioner has not filed a response. For the reasons that follow, respondent's motion to dismiss the petition will be granted, and the petition will be dismissed.

### I. Background

On May 25, 2002, a fight broke out among inmates in a common room at the Rappahannock Detention Center in Stafford County, Virginia. Pet. at 18. The Virginia Court of Appeals later would describe the salient facts as follow:

> [A]ppellant [i.e., the petitioner] and other members of the group discussed assaulting the victim because one of the others had a grudge against him. Appellant's confederates later surrounded the victim and exchanged words. The victim told the group he did not want any trouble. Two inmates blocked the victim's exit from the group causing him to go another way. One of appellant's codefendants hit the victim, then appellant hit and kicked the

> victim. Others joined the fray by hitting and kicking the victim. The jury viewed the videotape of the incident.
>
> * * *
>
> The victim sustained a cut above his eye, a badly bruised eye which was swollen shut, several bruises and abrasions about the head and neck, and injuries to his ribs resulting in bruising, swelling and soreness still existing at the time of trial.

Resp. Ex. 3 at 6-7

After a jury trial in the Circuit Court for Stafford County, Virginia, petitioner was convicted of malicious wounding while part of a mob on November 15, 2002. Pet. at 1-2; see Trans. dated Nov. 15, 2002 at 173. He was sentenced to fifteen years imprisonment. Petitioner filed a direct appeal of his conviction to the Court of Appeals of Virginia; however, that court dismissed the appeal on May 12, 2003 for failure to file the petition for appeal within the designated time frame. See Resp. Ex. A at 3; Bowman v. Commonwealth, R. No. 0321-03-4, slip op. (Va. Ct. App. May 12, 2003).

Petitioner then filed a petition for a writ of habeas corpus in the Circuit Court for Stafford County. Pet. at 2; Resp. Ex. A. This state habeas petition, which alleged numerous constitutional violations, included a claim that petitioner was denied his right to appeal the conviction as result of the ineffective assistance rendered by counsel in failing to file the petition for appeal in the Court of Appeals of Virginia in a timely manner. Resp. Ex. A at 4. The Circuit Court for Stafford County directed the Commonwealth to move the Court of Appeals of Virginia for leave to allow petitioner to pursue a delayed direct appeal in that court and dismissed petitioner's remaining state habeas claims with prejudice on October 3, 2003. Petitioner appealed the circuit court's decision to the Supreme Court of Virginia. On December 3, 2004, the Supreme Court of Virginia affirmed the

circuit court's decision with respect to petitioner's belated direct appeal and remanded the habeas application to the circuit court with instructions for the court to dismiss petitioner's remaining claims without prejudice. Bowman v. Washington, 605 S.E.2d 585, 585-86 (Va. 2004). Petitioner then pursued a belated direct appeal in the Court of Appeals of Virginia. By Order dated March 24, 2005, the Court denied the petition for appeal. Resp. Ex. C, Bowman v. Commonwealth, R. No. 0025-04-4, slip op. at 1 (Va. Ct. App. Mar. 24, 2005). Petitioner appealed that result to the Supreme Court of Virginia, which refused the petition for appeal on March 24, 2005. See Resp. Ex. D, Pet. dated Aug. 6, 2008; Resp. Ex. E, Bowman v. Commonwealth, R. No. 041808, slip op. (Va. Mar. 24, 2005).

On or about December 5, 2005, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for Stafford County. Resp. Ex. G. On July 13, 2006, the circuit court dismissed the petition. Bowman v. Dep't of Corr., Case No. CL05000609, slip op. (Va. Cir. Ct. July 13, 2006). Petitioner appealed to the Supreme Court of Virginia, which refused the petition for appeal on February 21, 2007. Resp. Ex. J, Bowman v. Johnson, R. No. 062061, slip op. (Va. Feb. 21, 2007).

Petitioner filed the instant federal petition on August 21, 2007. The petition raises seven claims, listed as claims A through G, challenging the constitutionality of petitioner's conviction,[1]

---

[1] A federal court may grant habeas relief under 28 U.S.C. § 2254 only on the ground that the petitioner is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Rule 1(a)(1), Rules Governing Section 2254 Cases in the United States District Courts; e.g. Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999). Claims that allege violations of state law and procedure that do not infringe on federally protected rights are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The seven claims raised in the instant federal petition assert the existence of violations of the Federal Constitution and Article I, Section 8 of the Constitution of the Commonwealth of Virginia. As violations of a state constitution are not cognizable in a federal habeas proceeding, the portions of the instant claims A through G asserting violations of the Virginia Constitution are hereby

as follow:

>(A) Petitioner's right to due process under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny was violated when the Commonwealth's attorney failed to disclose a plea bargain entered into by a codefendant and failed to correct the codefendant's testimony when he denied the presence of such an agreement.
>
>(B) Petitioner received ineffective assistance of counsel when his attorney failed to discover that codefendant Arthur Jewell and the Commonwealth entered into a plea bargain on the second day of trial.
>
>(C) Petitioner received ineffective assistance of counsel when his attorney failed to interview and to present testimony from various witnesses who would have stated that petitioner only intended to break up the fight.
>
>(D) Petitioner received ineffective assistance of counsel when his attorney failed to request a jury instructions on the lesser included offenses of (1) unlawful wounding and (2) assault and battery.
>
>(E) Petitioner received ineffective assistance of counsel when his attorney failed to request a jury instruction on defense of third parties or defense of others.
>
>(F) Petitioner was denied his right to due process when (1) the trial court failed to hold a hearing regarding counsel's conflict of interest, and (2) counsel failed timely and fully to advise the court of the conflict, which amounted to ineffective assistance.
>
>(G) The combined effects of counsel's failures to prepare for trial, to interview or call witnesses requested by petitioner, and to request proper jury instructions caused petitioner to suffer extreme prejudice.

By Order dated February 26, 2008, respondent, the Director of the Virginia Department of Corrections, was directed to show cause within 60 days why the petition should not be granted. On April 16, 2008, respondent filed a Rule 5 Answer, Motion to Dismiss the petition and memorandum

---

DISMISSED for failure to present a federal issue.

Case 1:07-cv-00836-LO-TRJ Document 11 Filed 12/08/08 Page 5 of 16 PageID# 256

of law in support of that Motion. Petitioner, who is counseled, has not filed a response. This matter is ripe for disposition.

## II. Exhaustion and Procedural Default

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (I) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that in order for a claim to be considered exhausted, it must be " ' fairly presented' to the state courts," meaning that "both the operative facts and the 'controlling legal principles' "must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, petitioner has not exhausted claim F(2), as he did not properly present this claim to the Supreme Court of Virginia. Although petitioner did not properly present this claim to the Supreme Court of Virginia, it is nonetheless treated as exhausted because petitioner is now precluded from raising it in state court. Specifically, claim F(2) is procedurally defaulted under Virginia Code § 8.01-654(A)(2) (providing a statute of limitations for state habeas petitions) and Virginia Code § 8.01-654(B)(2) (barring successive state habeas petitions). Therefore, claim F(2) is simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Moreover, where a state court has made a finding of procedural default, that finding is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not

review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Petitioner properly presented claims A, D(1), F(1), and G to the Supreme Court of Virginia in his state habeas corpus proceeding. However, the Supreme Court of Virginia dismissed claims A and F(1) as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). In addition, Claims D(1) and G were dismissed pursuant to Virginia Code § 8.01-654(B)(2). The Fourth Circuit has also recognized this successive petition provision of Virginia law as an adequate and independent state law ground for procedural bar purposes. See, e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Petitioner neither suggests nor offers evidence sufficient to establish that he is actually

innocent of the offense for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Additionally, petitioner has not shown cause sufficient to excuse his default or prejudice resulting therefrom, and to the extent that he seeks to excuse his procedural default of these claims by asserting a claim of ineffective assistance of counsel, such a claim has not been properly raised in state court and therefore is exhausted and defaulted. As such, it cannot serve as cause to excuse petitioner's procedural default. See Justus v. Murray, 897 F.2d 709, 712-14 (4th Cir. 1990). Accordingly, claims A, D(1), F(1), F(2) and G will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an

objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Merits

In all of his cognizable claims for federal relief, petitioner contends that he received ineffective assistance of counsel for various reasons. To succeed on a claim of ineffective assistance, petitioner must demonstrate that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and the court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. In order to undermine confidence in the trial outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993). Moreover, a court

need not review the reasonableness of counsel's performance if petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

In remaining claims B, C, D(2) and E, petitioner asserts that counsel rendered ineffective assistance. Specifically, in claim B, petitioner contends that counsel was ineffective for not discovering a plea agreement between the Commonwealth and codefendant Arthur Jewell. In claim C, petitioner asserts that counsel was ineffective for failing to interview and to present testimony from witnesses to the fight in which petitioner was involved. In claim D(2), petitioner asserts that counsel was ineffective for failing to request a jury instruction on the lesser included offense of assault and battery. Finally, in claim E, petitioner contends that counsel rendered ineffective assistance in failing to present an instruction on the defense of third parties. On state habeas review, the circuit court determined that petitioner had not met his two-part Strickland burden to show that counsel's performance was deficient or that prejudice resulted therefrom as to any of these claims. Bowman, CL 05-609, slip order at 3 ("The Court finds that Claims B, C, and E and [instant federal claim D(2)] are dismissed under the two-step test established in Strickland v. Washington, 466 U.S. 668, 694 (1984). The petitioner has not shown that his attorney was ineffective. [Additionally,] [t]he Court finds that petitioner's attorney made strategic decisions that cannot be considered ineffective assistance of counsel."). The Supreme Court of Virginia refused petitioner's appeal on state habeas without explanation. In this circumstance it is appropriate for this Court to infer that the Supreme Court of Virginia's ruling was based on the same reasoning as that of the Circuit Court for the County of Stafford. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). In the instant federal petition, petitioner fails to show that counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice as to any of these claims.

As to claim B, the record reveals that Arthur Jewell, a co-defendant of petitioner, offered by letter dated August 20, 2002, to testify for the Commonwealth in exchange for a plea bargain. Pet'r Ex. 1. On November 14, 2002, Jewell testified at trial that he knew there was going to be a fight before it happened because petitioner and an inmate named Nielson told Jewell that they had a problem with victim Ruvolo. Trans. at 272-73. Jewell testified further that petitioner approached Ruvolo approximately one half-hour before the fight broke out. According to Jewell, there were "words thrown at each other, but there wasn't nothing [sic] big." Id. at 273-74. Jewell testified further that his participation in the fight was a spur-of-the-moment decision, but that the confrontation of Ruvolo was planned. Id. at 280. On cross-examination, Jewell admitted that he drank "a plastic Pepsi bottle" of prison-made alcohol on the day of the fight. Id. at 289.

Also on cross-examination, the possibility that Jewell was testifying against petitioner as the result of a plea bargain was probed. However, in response to questioning by counsel for another codefendant, Jewell stated that while he was "somewhat" hoping that his testimony would help his own sentence, he denied expecting that his charges would be reduced as a result. Id. at 289-90. When counsel asked Jewell if the possibility of a lessening of his charges had been discussed, Jewell responded, "The only thing that - that I'm saying is that I'm not going to be sentenced by a jury, that's it." Id. at 290. Counsel asked again if Jewell expected the charge against him to be reduced to unlawful wounding, and Jewell answered, "I'm hoping, but I'm not guaranteeing," but when counsel replied, "Right, because it's dependent on what you testify like today, right?," Jewell protested, "No not - no, not necessarily." Id. After this exchange, petitioner's counsel commenced her cross-examination of Jewell. Id. at 291.

By agreement dated and entered the following day, November 15, 2002, Jewell pleaded

guilty to a reduced charge and was sentenced to five years in the penitentiary, with four years suspended to be served on active probation. Pet'r Ex. 2.

The record reveals that another codefendant of petitioner's, Nathan Nielson, also was offered a lesser offense and a sentence of no more than one year in jail if he testified for the Commonwealth. In an affidavit dated September 6, 2005, Nielson stated that about two months prior to trial he was contacted by his attorney, who informed him that the Commonwealth was offering him "a lesser offence [sic] with no more then [sic] a year jail time." Pet'r Ex. 4. Nielsen was told that if he was worried about being at the jail if he took the plea bargain, he would be moved to another facility. Id. Nonetheless, for reasons which he does not explain, Nielsen turned down the offered plea bargain.

Based on this information, petitioner concludes that "it is reasonable to assume" that Jewell was extended the same offer as was Nielson prior to trial, and that petitioner's counsel was ineffective for failing to discover the offer to Nielson and "other information strongly indicating an offer to Jewell." Pet. at 30, 34. However, this speculative contention is without merit. Apart from petitioner's hypothesis, nothing in the record establishes that Jewell and the Commonwealth had entered into an agreement providing that Jewell would testify in exchange for a plea to a lesser charge at the time Jewell testified at petitioner's trial. In fact, Jewell denied the existence of such an agreement under oath during his testimony, and the document memorializing Jewell's plea bargain is dated the day after Jewell testified. As such, counsel did not render assistance that fell outside the range of professionally competent assistance by failing to uncover before trial a plea agreement which did not yet exist. Accordingly, the decision of the Supreme Court of Virginia with respect to claim B was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. As such, claim B will be dismissed.

In claim C, petitioner asserts that counsel was ineffective for failing to interview and to present testimony from certain witnesses to the fight. Specifically, petitioner contends that counsel did not interview any of his potential witnesses and failed to subpoena witnesses whom he had requested, who would have testified that two other inmates initiated the fight over a gambling debt, and he became involved after the fight had begun. Pet. ¶106.

The record reveals that the issue of counsel's failure to call these witnesses was discussed in a pre-trial conference after petitioner complained about counsel's performance. In response, counsel indicated that based on her investigation, she did not feel that the witnesses' presence was required, and that she was ready to proceed to trial without them. Trans. dated Nov. 14, 2002 at 58-59. The court instructed petitioner to write down the names of the witnesses he wished to have presented and then asked counsel to look at the list. Id. at 64. Counsel reviewed the names supplied by petitioner and stated that she had a good reason for not calling one as a witness, did not recognize a second name, and observed that a third was a pseudonym or an alias. Id. at 64-65. The court then found expressly that counsel was adequately prepared for trial, and denied a pending request by petitioner for a different lawyer. Id. at 67.

It is well established that "'strategic choices made after thorough investigation ... are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), pet. for cert. filed, 77 USLW 3268 (Oct. 24, 2008), quoting Strickland, 446 U.S. at 690-91. Decisions concerning the calling of witnesses are matters of strategy left to the attorney, which ordinarily cannot constitute ineffective assistance. Jones v. North Carolina, 547 F.2d 808 (4th Cir. 1977). Here, where counsel determined

that the witnesses suggested by petitioner would not be helpful, and the trial court accepted that determination on the express finding that counsel was prepared for trial, ineffective assistance has not been shown, and claim C of this petition warrants no federal relief.

In claim D(2), petitioner alleges that trial counsel provided ineffective assistance by failing to request a jury instruction on the lesser included offense of assault and battery. However, again, the record makes it apparent that the omission of such a jury instruction was a considered choice by counsel. At the charge conference, both the prosecutor and counsel for petitioner agreed that under Harrell v. Commonwealth, 11 Va. App. 1, 396 S.E. 2d 680 (1990) and Iverson v. Commonwealth, 1995 WL 363706 (Va. App. Jun. 20, 1995), assault and battery is not a lesser included offense of malicious wounding while part of a mob, and that the appropriate instruction instead would be assault and battery by mob. Trans. dated Nov. 15, 2002 at 8-11. It is apparent that petitioner was not prejudiced by this decision, because the jury in fact was instructed on both the charged felony offense of malicious wounding by mob and the misdemeanor lesser included offense of assault and battery by mob, and it chose to find petitioner guilty of the felony. Since the jury thus could have, but did not, convict petitioner of only a misdemeanor, there is no reason to suppose that the result would have been different if the jury had been given the option of finding him guilty of a different misdemeanor. Accordingly, the rejection of this claim by the Supreme Court of Virginia was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Consequently, claim D(2) of this petition will be dismissed.

In claim E, Bowman faults his trial counsel for failing to request that the jury be instructed on defense of third parties or defense of others. While it is true that a defendant is entitled to have

the jury instructed on his theory of defense, United States v. Miller, 658 F.2d 235, 237 (4th Cir. 1981), such an instruction must be supported by a foundation in the evidence. United States v. Hicks, 748 F.2d 854, 857 (4th Cir. 1984). Here, as the Fourth Circuit noted in its opinion, the jury viewed a videotape of the incident in which petitioner could be seen hitting and kicking the victim after his codefendants blocked the victim's egress from the area. In light of the number of people visible on the tape who were attacking the victim, there was no basis in the evidence to support an argument that petitioner reasonably believed he was acting only to protect another participant in the confrontation, particularly where the other individual never sought to retreat but was himself involved in assaulting the victim. Under these circumstances, a request for the jury instructions petitioner suggests rightfully would have been denied, so petitioner suffered no prejudice when no such request was made. Since the criteria of Strickland thus have not been satisfied, the Supreme Court of Virginia's denial of relief on claim E will not be disturbed.

Lastly, it is noted that petitioner includes a prayer for a federal evidentiary hearing in his petition. As petitioner's claims can be thoroughly addressed on the existing record, and because he otherwise is not entitled to evidentiary development of his claims, the request for an evidentiary hearing will be denied. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006); Green v. Johnson, 431 F. Supp.2d 601, 608-17 (E.D. Va. 2006).

## V. Conclusion

For the reasons stated above, respondent's Motion to Dismiss the petition will be granted, and the instant petition for a writ of habeas corpus will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 8th day of December 2008.

Alexandria, Virginia

_____/s/_____
Liam O'Grady
United States District Judge